IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19-CR-083-S |
| JEREMY SCROGGINS (03) | |

### FACTUAL RESUME

In support of Jeremy Scroggins' plea of guilty to the offense in Count One of the Information, Scroggins, the defendant, Stephen J. Green, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information, charging a violation of 18 U.S.C. § 4, that is, misprision of felony, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First:*    That the federal felony of 18 U.S.C. § 666(a)(1)(B) was committed;

*Second:*   That the defendant had knowledge of the commission of the felony;

*Third:*    That the defendant failed to notify an authority as soon as possible. An "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury, Secret Service or FBI agent; and

*Fourth:*   That the defendant did an affirmative act, as charged, to conceal the same.

The essential elements of bribery concerning programs receiving federal benefits

---

[1] Fifth Circuit Pattern Jury Instruction 2.6 (5th Cir. 2015).

Factual Resume—Page 1

in violation of 18 U.S.C. § 666(a)(1)(B), are:[2]

> *First*: That Carolyn Rena Davis (Davis) was an agent of the City of Dallas;
>
> *Second*: That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance;
>
> *Third*: That Davis corruptly solicited or demanded for the benefit of any person, or accepted or agreed to accept, anything of value from Ruel M. Hamilton, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City of Dallas; and
>
> *Fourth*: That the business, transaction, and series of transactions involved anything of value of $5,000 or more.

## STIPULATED FACTS

1. Scroggins admits and agrees that on or about the 9th day of January, 2015, in the Northern District of Texas, he, having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit, bribery of a local government in violation of 18 U.S.C. § 666(a)(1)(B), did conceal the same by using his not-for-profit company to funnel bribe payments from Hamilton to Davis, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, in violation of 18 U.S.C. Sec. 4.

---

[2] Fifth Circuit Pattern Jury Instruction 2.33B (5th Cir. 2015) (modified).

Factual Resume—Page 2

2. From in or around at least 2014 to in or around March 2015, in the Dallas Division of the Northern District of Texas and elsewhere, Davis, and Ruel M. Hamilton, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other for Davis to receive bribes from Hamilton, a real estate developer, intending to be influenced and rewarded in connection with transactions before the City of Dallas, specifically, Hamilton's affordable housing projects, in violation of Title 18, U.S.C. § 666(a)(1)(B).

3. Davis, a City of Dallas Council Member and the Chair of the Housing Committee, received bribes from Hamilton, a developer of affordable housing projects, in exchange for favorable official action, or the promise of favorable official action, related to Hamilton's projects within the City of Dallas.

4. At the direction of Davis, and in order to disguise and conceal the bribe payments, Hamilton wrote checks payable to Scroggins individually, or to a not-for-profit company named Hip Hop Government which was owned by Scroggins. Scroggins, in turn, deposited and cashed Hamilton's checks and transferred the bribe payments to Davis in cash. Scroggins admits and acknowledges that, at some point during the conspiracy, he became aware that the payments from Hamilton were intended to influence the official actions of Davis. Scroggins further knew that the payments violated federal law and that he affirmatively concealed the bribe payments by accepting the payments by Hamilton which he would, generally, convert to cash and give some or all of the proceeds to Davis.

5. Specifically, by at least January 8, 2015, Scroggins was aware that Hamilton's checks to him personally or to his entity, Hip Hop Government, were intended to influence the official actions of Davis. On that date, Hamilton wrote a check payable to Hip Hop Government for $3,500.00 which he gave to Davis. On January 9, 2015, Davis directed Scroggins to go a local check cashing business and cash the check which he did, and then at Davis' direction, gave all the currency to Davis.

6. Scroggins also admits and acknowledges that even though he had actual knowledge that the federal crime of bribery had been committed, he failed to notify any person in authority as soon as possible. Scroggins understands that an "authority" includes a federal judge or some other federal civil or military authority, such as a federal grand jury, Secret Service or FBI agent.

7. Scroggins agrees and stipulates that in exchange for benefits and the promise by Hamilton of future employment for Davis as a consultant for him, Davis, in her official capacity, lobbied and voted for a specific project for Hamilton's benefit, namely, Royal Crest.

8. Scroggins agrees and stipulates that the City of Dallas was a local government that received benefits in excess of $10,000 in each of the consecutive fiscal one-year periods beginning October 1, 2013, and October 1, 2014, under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance.

9.   Scroggins further agrees and stipulates that Hamilton's project and Davis' support, promotion, and votes for such project, constituted a business, a transaction, or series of transactions of the City of Dallas that involved a value of $5,000 or more.

10.   Scroggins agrees that he committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 25th day of June, 2019.

JEREMY SCROGGINS
Defendant

STEPHEN J. GREEN
Assistant Federal Public Defender
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

Marcus Busch
Assistant United States Attorney
Texas Bar No. 03493300
1100 Commerce Street, Suite 300
Dallas, Texas 75242-1699
Tel: 214-659-8600
Email: marcus.busch@usdoj.gov